FILED
JAN 3 0 2013
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:13CR00035CDP |
| | ) |
| TAMMY BAGGIO, | ) |
| | ) |
| Defendant. | ) |

# INDICTMENT

## COUNT ONE

The Grand Jury charges that:

**INTRODUCTION**

1. Sam's Club is a bulk product retailer with stores located throughout the United States, including a number of stores within the Eastern District of Missouri.

2. At all times relevant, **Defendant Tammy Baggio** (a/k/a Tammy Jagodzinski or Tammy Jagodzinski-Baggio) was residing in St. Joseph, Missouri.

**CONSPIRACY**

3. Beginning on or about February 8, 2012 and continuing through on or about August 2, 2012 in the Eastern District of Missouri and elsewhere,

**TAMMY BAGGIO,**

the Defendant herein, knowingly and willfully conspired, combined, confederated, and agreed together and with a person referred to herein as J.B., and other persons both known and unknown to the Grand Jury, to knowingly transport, transmit, and transfer in interstate commerce stolen

goods, wares and merchandise, that is, products from Sam's Club stores, of the value of $5,000 or more, knowing the same to have been stolen, converted, and taken by fraud, in violation of Title 18, United States Code, Section 2314.

## MANNER AND MEANS OF THE CONSPIRACY

The defendants and co-conspirators accomplished and attempted to accomplish the objects of the conspiracy in the following manner and through the following means:

4. It was part of the conspiracy that the **Defendant Tammy Baggio** and J.B. visited Sam's Club locations in a number of states, including stores located within the Eastern District of Missouri.

5. It was further part of said conspiracy that while at a particular Sam's Club, **Defendant Tammy Baggio** and J.B. selected either a large container, such as a trash can, or a cheap item that was packaged in a large box, usually "bubble mailer" or "cushion wrap," beverage cups, or pool floats. **Defendant Tammy Baggio** and J.B. thereafter removed the contents from the large box and hid them on shelves throughout the Sam's Club store.

6. It was further part of said conspiracy that **Defendant Tammy Baggio** and J.B. filled the empty box with a more expensive product, usually electronics or a pet product known as Frontline.

7. It was further part of said conspiracy that **Defendant Tammy Baggio** and J.B. took the box containing the more expensive product to the check-out register. There, the cashier scanned the box and charged **Defendant Tammy Baggio** and J.B. for the cheaper item. **Defendant Tammy Baggio** and J.B. did not alert the cashier that the box contained the more

expensive product. **Defendant Tammy Baggio** and J.B. failed to pay for the expensive items, instead paying the lower, incorrect price.

8. It was further part of said conspiracy that upon exiting the store, **Defendant Tammy Baggio** and J.B. posted the stolen merchandise for sale on eBay, the online auction website, through **Defendant Tammy Baggio's** account.

9. It was further part of said conspiracy that once a sale of the stolen merchandise was made, **Defendant Tammy Baggio** mailed the merchandise to purchasers across the United States from her residence using the United States Postal Service.

10. Purchasers paid for the merchandise by wiring money to **Defendant Tammy Baggio's** PayPal account, which was linked to, among other accounts, **Defendant Tammy Baggio's** bank account.

11. It was further part of said conspiracy that **Defendant Tammy Baggio** and J.B. split the proceeds from the sales of the stolen merchandise.

12. It was further part of said conspiracy that **Defendant Tammy Baggio** and J.B. stole more than $200,000 worth of product from Sam's Club locations in seven different states, and sold that product to purchasers across the United States.

**OVERT ACTS**

13. In furtherance of and to effect the object of the conspiracy, one or more of the co-conspirators committed and caused to be committed one or more of the following overt acts in the Eastern District of Missouri and elsewhere:

  a. On or about June 15, 2012, **Defendant Tammy Baggio** stole a number of products, including iPads and a pet product known as Frontline, from the Sam's Club located at 13455 Manchester Road in Des Peres, Missouri.

  b. On or about June 15, 2012, **Defendant Tammy Baggio** used her Sam's Club membership with account number ending in 3756 to purchase merchandise from the Sam's Club located at 13455 Manchester Road in Des Peres, Missouri in the amount of $95.69.

  c. On or about June 15, 2012, **Defendant Tammy Baggio** stole a number of products, including a pet product known as Frontline, from the Sam's Club located at 2855 South Service Road in St. Charles, Missouri.

  d. On or about June 15, 2012, **Defendant Tammy Baggio** used her Sam's Club membership with account number ending in 3756 to purchase merchandise from the Sam's Club located at 2855 South Service Road in St. Charles, Missouri in the amount of $46.05.

  e. On or about June 15, 2012, **Defendant Tammy Baggio** placed stolen merchandise, including iPads and a pet product known as Frontline, for sale on her eBay account "dynasty041073."

  f. On or about July 11, 2012, **Defendant Tammy Baggio** shipped stolen merchandise from a United States Post Office located at 3906 Oakland Avenue, St. Joseph, Missouri.

  All in violation of Title 18, United States Code, Section 371.

FORFEITURE ALLEGATION

  The Grand Jury further finds by probable cause that:

1.      Pursuant to Title 18, United States Code, Sections 981(a) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 2314 as set forth in Count One, the defendant shall forfeit to the United States of America any property, real or personal, constituting or derived from any proceeds traceable to said offense.

2.      Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said offense.

3.      Specific property subject to forfeiture includes, but is not limited to, the following:

    a.      2012 Chevrolet Sonic 4 Cyl., VIN: 1G1JC6SHXC4158501;

4.      If any of the property described above, as a result of any act or omission of the defendant:

    a.      cannot be located upon the exercise of due diligence;

    b.      has been transferred or sold to, or deposited with, a third party;

    c.      has been placed beyond the jurisdiction of the court;

    d.      has been substantially diminished in value; or

    e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

RICHARD G. CALLAHAN
United States Attorney

_____
Stephen Casey #58879MO
Assistant United States Attorney